(5 Misc. Rep. 488.)

### WILLIAMS v. HUBER et al.

(Superior Court of New York City, General Term.  October 24, 1893.)

INJUNCTION—SECOND APPLICATION FOR SAME RELIEF — DISCRETION OF COURT.
  Where, on the making of a motion to continue a temporary injunction,
  the application is denied on the merits, and plaintiff, without obtaining
  leave to renew, makes a second application for substantially the same re-
  lief to another judge of the same court, it is not an abuse of discretion for
  such judge to deny the application.

Appeal from special term.

Proceeding by Katherine Williams against George H. Huber and
another.    On denial of plaintiff's application for an injunction she
made a second application therefor, and from an order declining to
grant a reargument and denying the motion for injunction she
appeals.    Affirmed.

Argued before FREEDMAN and McADAM, JJ.

Hart & Price, for appellant.
Friend & House, for respondent Huber.
Grossman & Vorhaus, for respondent Burns.

McADAM, J. The bill was filed by the plaintiff, as the literary owner and proprietor of a manuscript play entitled "Waifs of New York," to enjoin the defendants from producing or representing on any stage or in any theater an alleged colorable imitation of said play under that title, on the ground that it was literary piracy, productive of irreparable injury. A temporary injunction was granted, and on the hearing of the motion to continue it the application was denied on the merits by Chief Judge Sedgwick. The plaintiff, without obtaining leave to renew, made a second application on amplified papers for substantially the same relief, and in this form it was denied by Judge Gildersleeve, and the appeal now before us is from his order. No legal ground for reargument was made to appear, and Judge Gildersleeve could not be expected to reconsider questions which the chief judge had already decided adversely to the plaintiff. This would be asking one judge to sit in review of the decision of another judge of the same court, and would, in effect, be to allow an appeal from one co-ordinate court to another,—a practice neither encouraged nor sanctioned, (People v. National Trust Co., 31 Hun, 20; Mayer v. Apfel, 32 N. Y. Super. Ct. 729; Hallgarten v. Eckert, 1 Hun, 117; Worman v. Frankish, (City Ct. N. Y.) 11 N. Y. Supp. 351; In re May, 49 Law T. (N. S.) 770. Where parties apply for injunctions and like remedies, it is not too exacting to require (1) that the papers presented in the first instance conform to prescribed practice, and state all the grounds relied on for relief. (2) After the application has been once fully argued, carefully considered, and decided on such papers, it must be considered finally adjudicated, subject only to the right of appeal. (3) The same matter is not to be again considered without leave first had and obtained from the court which heard the original application. (4) Motions for substantially the same relief are not to be split up and argued or decided upon the installment plan, or they will become interminable as well as confusing. Orderly practice requires the enforcement of these rules. The second application was not brought within any rule which required the court to reconsider the matter on the merits, and we have failed to discover any reason why the disposition made below should be disturbed. The plaintiff was not entitled, as of right, to injunctive relief in advance of the trial, and there is nothing in the record showing any abuse of discretion in declining to grant the plaintiff's application. The order appealed from must be affirmed, with costs.